UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID CALDWELL                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:13CV123TSL-JMR

L-3 VERTEX AEROSPACE                                            DEFENDANT

MEMORANDUM OPINION AND ORDER

    This cause is before the court on the motion of defendant L-3 Vertex Aerospace to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff David Caldwell, who is proceeding in this cause pro se, has not responded to the motion.  The court, having considered defendant's memorandum of authorities, concludes the motion is well taken and should be granted, but the court further concludes that plaintiff should be given an opportunity to amend as to his putative Title VII claims and his state law breach of contract claim.

    Plaintiff's complaint alleges the following.  Plaintiff became employed by defendant on February 14, 2011 as an overseas contractor (Aviation Tech) on the C-27J program.  On June 3, 2011, "while working in Europe, after business hours – about midnight local time, Plaintiff was stalked, harassed and disrespected by a manager employed by the Defendant."  The following day, plaintiff filed a complaint of harassment with defendant's Human Resources Department.  Thereafter, on July 7, 2011, after he returned to the

United States, "the same manager unjustly fired Plaintiff – only to have his job reoffered an hour later by the Human Resources department[,]" on the condition that he withdraw the harassment complaint he had filed with the Human Resources Department.

In support of his first claim, for discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, plaintiff alleges that "[m]ultiple suits were filed with the Defendant's Human Resources Department regarding the treatment of certain minority individuals.  Defendant elected not to or failed to take any action."  The complaint also includes a putative claim for retaliation in violation of Title VII, alleging that "Defendant's managers – i.e., Michael Schilling and Chip Vaughn, conspired to bring allegations against Plaintiff once becoming aware that Plaintiff had a complaint filed with Defendant's Human Resource Department against manager Schilling. The duo would later be responsible for firing me."

Defendant seeks dismissal of both these claims on the basis that plaintiff has failed to exhaust his administrative remedies, as required by Title VII.  The law is clear that an employment discrimination plaintiff must exhaust administrative remedies before pursuing claims in federal court, which requirement is met when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.  <u>Taylor v. Books A Million, Inc.</u>, 296 F.3d 376, 378–79 (5th Cir. 2002).  It may be

that the complaint herein is subject to dismissal for failure to
exhaust.  Plaintiff has not alleged that he filed an EEOC charge,
and he has not responded to defendant's motion and hence has not
denied that he failed to file a charge with the EEOC.  But the
court need not decide that issue because even if exhaustion were
not an issue, these claims would nevertheless be due to be
dismissed as the complaint alleged no facts to support them.[1]

_____

[1]     It remains an open question in the Fifth Circuit whether
exhaustion under Title VII is "merely a prerequisite to suit, and
thus subject to waiver and estoppel, or whether it is a
requirement that implicates subject matter jurisdiction."  Pacheco
v. Mineta, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (citations
omitted); see also Austin v. Potter, 358 Fed. Appx. 602, 605, 2010
WL 10946, 2 n.2 (5th Cir. 2010) (quoting Mineta, 448 F.3d at 788
n.7, but finding it unnecessary to address disagreement noted
therein); Devaughn v. U.S. Postal Serv., 293 Fed. Appx. 276, 281,
2008 WL 4218777, 4 (5th Cir. 2008) (noting inconsistency in circuit
case law "regarding whether failure to exhaust Title VII
administrative remedies is a jurisdictional requirement or a
prerequisite to suit, with the former barring further judicial
review of the matter and the latter permitting equitable
considerations such as estoppel[,]" but finding it unnecessary to
settle the issue) (citing Pacheco, 448 F.3d at 788 n.7).  If
exhaustion is a jurisdictional requirement, then the burden is on
plaintiff to plead and prove exhaustion, which he has failed to
do.  If exhaustion of administrative remedies is nonjurisdictional
and the failure to exhaust an affirmative defense, then the
plaintiff would not be required to plead or demonstrate exhaustion
in his complaint.  Cf. Jones v. Bock, 549 U.S. 199, 216, 127 S.
Ct. 910, 166 L. Ed. 2d 798 (2007) (holding, in context of the
Prison Litigation Reform Act, that failure to exhaust
administrative remedies "is an affirmative defense under the PLRA,
and that inmates are not required to specially plead or
demonstrate exhaustion in their complaints").  See also Reedy v.
CITGO Petroleum Corp., 2011 WL 797498, 8 (S.D. Tex. 2011)
(expressing doubt, particularly in view of decision in Jones v.
Bock, that it was necessary for Title VII plaintiff to have
specifically alleged administrative exhaustion in his complaint).
As the court noted in Reedy, the Fifth Circuit, applying Jones,

Title VII makes it "an unlawful employment practice for an
employer to discriminate against any individual with respect to
his compensation, terms, conditions, or privileges of employment,
because of such individual's race, color, religion, sex, or
national origin." 42 U.S.C. § 2000e-2(a)(1).  Further, Title VII
prohibits employers from retaliating against employees who make a
charge or participate in an action brought under the statute.  <u>See</u>
42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment
practice for an employer to discriminate against any of his
employees ... because he has opposed any practice made an unlawful
employment practice by this subchapter, or because he has made a
charge, testified, assisted, or participated in any manner in an
investigation, proceeding, or hearing under this subchapter.").
Plaintiff does not allege in the complaint any facts to support a
claim of discrimination.  He alleges only that certain minority
individuals complained to defendant's Human Resources Department

---

has held that, in the Employee Retirement Income Security Act
context, exhaustion is an affirmative defense that need not be
pled in a complaint, <u>Wilson v. Kimberly-Clark Corp.</u>, 254 Fed.
App'x 280, 286-87 (5th Cir. 2007) (per curiam), and other courts
have done the same in the Title VII context, <u>Williams v. Runyon</u>,
130 F.3d 568, 573 (3d Cir. 1997); <u>DiPetto v. U.S. Postal Serv.</u>,
383 Fed. App'x 102, 104 (2d Cir. 2010); <u>Howard v. Gutierrez</u>, 571
F. Supp. 2d 145, 152 (D.D.C. 2008); <u>Williams v. Doyle</u>, 494 F.
Supp. 2d 1019, 1029 (W.D. Wis. 2007); <u>Schultz v. Windstream
Communications, Inc.</u>, 2008 WL 2773974, at *2-3 (D. Neb. July 14,
2008) (suggesting without deciding that Title VII plaintiffs need
not specifically allege exhaustion).  The court need not resolve
the issue here, because plaintiff has failed to plead a viable
Title VII claim in any event.

of discrimination.  However, he does not allege that he was a
victim of discrimination, or for that matter, even that he is a
minority individual.  As for his retaliation claim, plaintiff
alleges that managers Schilling and Vaughan caused him to be fired
and that they did so after they learned that plaintiff had made a
complaint to the Human Resources Department about Schilling's
having allegedly stalked him on the night of June 3, 2011.  But
plaintiff does not allege any facts to suggest that his complaint
to the Human Resources Department constituted protected activity
under Title VII.  That is, while he alleges that he reported
Schilling's allegedly stalking him, he does not allege or even
intimate that his complaint involved an allegation that
Schilling's actions were motivated by a discriminatory animus.  In
short, plaintiff's allegations plainly do not state a claim for
discrimination or retaliation that is plausible on its face.
Under Rule 12(b)(6), dismissal is appropriate "when the plaintiff
has not alleged enough facts to state a claim to relief that is
plausible on its face or has failed to raise its right to relief
above the speculative level, on the assumption that all the
allegations in the complaint are true (even if doubtful in fact)."
Raj v. Louisiana State Univ., – F.3d. –, 2013 WL 1703990, 5 (5th
Cir. 2013) (quoting Bass v. Stryker Corp., 669 F.3d 501, 506 (5th
Cir. 2012)).  "To state a claim that is facially plausible, a
plaintiff must plead factual content that 'allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 686, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Plaintiff includes a claim for harassment which he purports to bring under section 216.11 of the Iowa Code.  Yet plaintiff claims to be a Virginia resident, and defendant is a Mississippi employer.  There is nothing to suggest any basis on which Iowa law could possibly have any application to plaintiff's claims herein. Plaintiff further attempts to state a claim for stalking in violation of 18 U.S.C. § 2216A, but fails to do so as this is a criminal statute which provides no basis for recovery in this civil action.

Plaintiff also asserts a putative claim for negligence based on defendant's alleged negligent failure to provide a safe work place, free from discrimination and harassment.  As defendant notes, the Mississippi Workers' Compensation Act provides the exclusive remedy for an employee injured by his employer's alleged negligence while acting in the scope and course of his employment. Hurdle v. Holloway, 848 So. 2d 183, 185 (Miss. 2003) (citing Miss. Code Ann. § 71-3-9, which states, "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee ... on account of such injury or death....."); see also Kent v. Vicksburg Healthcare, LLC,

6

2012 WL 1556511 (S.D. Miss. 2012) ("As a matter of law, the
Defendants are correct that [Plaintiff's] allegations of
negligence must be brought pursuant to MWCA."). This claim will
be dismissed.

Under the heading "Breach of Contract," plaintiff alleges
that defendant "failed to perform organizational responsibilities
that were noted in the employment agreement, providing a work
environment free of discrimination and harassment conducive to a
respectful and safe work place[,]" which "is a violation of TORT
law. In the court's opinion, plaintiff has failed to state an
actionable claim for breach of contract. Plaintiff does not cite
any specific provision of the employment agreement that was
allegedly breached, alluding only vaguely to some failure to
perform "organizational responsibilities." And he has not
identified how he was harmed as a result of the alleged breach.
Indeed, the only incident of alleged harassment which the
complaint identifies as having resulted from the alleged breach of
contract occurred "after business hours" and away from the
workplace. In substance, he alleges nothing more than that
defendant failed to provide a safe place to work by preventing
discrimination and harassment in the workplace, the very same
allegation that is the basis of his negligence claim. In <u>Williams
v. Munford, Inc.</u>, 683 F.2d 938, 940 (5th Cir. 1982), the Fifth
Circuit held that a plaintiff's claim that her injuries resulted

7

from a breach of an implied contract by her employer to provide her a safe place to work was not cognizable, reasoning that "acceptance [of this argument] would go far to circumvent the entire policy of the Mississippi compensation plan, a policy to provide scheduled compensation for job-related injuries in exchange for withdrawing all other remedies for them." Id at 940. See also Huddleston v. Kimberly-Clark Corp., 2012 WL 1611508, 3-4 (N.D. Miss. 2002) (observing that "[p]laintiffs do not cite any Mississippi cases where a court has allowed a claim based on breach of contract by the employer to provide a safe place to work to go to trial as an exception to the Act."). This claim will therefore be dismissed.

Plaintiff next alleges that defendant "failed to adhere to any code of ethics, be it state, federal or even Defendant's own in it's handling of [his] harassment claim." Plaintiff cannot state a cognizable claim under Mississippi law for failure to comply with ethical rules. See Jeffrey Jackson & Mary Miller, ENCYCLOPEDIA OF MISSISSIPPI LAW § 16 (Cumulative Supp. 2012) ("[E]ven assuming that collection agency violated any ethical rules regarding their attorneys, that alone would not be enough support claim as an independent civil action.").

Plaintiff finally alleges an "hours of work" claim, purportedly brought under 5 U.S.C. § 6132, apparently based on allegations that Schilling recalled plaintiff prematurely during

8

the second week of a two-week vacation, on threat of being fired, and assigned him to work the second shift on the day of his return, instead of the first shift for which he had been contracted to work.  The statute under which plaintiff purports to bring this claim is part of the Federal Employees Flexible and Compressed Work Schedules Act, 5 U.S.C. §§ 6120-6133, which by its terms applies to the federal agencies and their employees, not private employers and employees, such as the parties herein. Accordingly, plaintiff's claim is due to be dismissed.

Based on all of the foregoing, the court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted.  However, the Fifth Circuit has repeatedly cautioned that "district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case[,]" Hale v. King, 642 F.3d 492, 503 (5th Cir. 2011), or it is apparent the amendment would be futile, see LaCroix v. Marshall County, Miss., 409 Fed. Appx. 794, 802, 2011 WL 396476, 7 (5th Cir. 2011).  See also Peña v. United States, 157 F.3d 984, 987 n.3 (5th Cir. 1998) ("Because [Rule 12(b)(6)] dismissals [of pro se complaints] are disfavored, a court should grant a pro se party every reasonable opportunity to amend.").  With respect to plaintiff's claims for harassment in violation of Iowa law, for stalking in violation of federal

9

criminal law, negligence, violation of business ethics, and violation of the Federal Employees Flexible and Compressed Work Schedules Act, it is clear any amendment would be futile. However, the court will give plaintiff an opportunity to amend to attempt to state a claim under Title VII for discrimination and retaliation (which must include exhibits demonstrating that he has administratively exhausted these claims), and for breach of contract under state law. Plaintiff shall have until May 10, 2013 to file such amended pleading, failing which his complaint will be dismissed with prejudice and without further notice.

SO ORDERED this 24th day of April, 2013.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE